IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50298
Summary Calendar
_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee

   v.

OMAR JOEL LARA-RAMIREZ, also known as Omar Lara, also known
as Benito Soto, also known as Joel O Lara, also known as
Joel Omar Lara

        Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-514-1-EP
--------------------
September 27, 2001

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Omar Joel Lara-Ramirez (Lara) pleaded guilty to illegal
reentry into the United States following deportation, a violation
of 8 U.S.C. § 1326.  Lara's offense level was enhanced 16 levels
pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on a Texas felony
driving-while-intoxicated ("DWI") conviction, which was
characterized as an aggravated felony.  The district court
sentenced Lara to 57 months' imprisonment and three years'
supervised release.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lara argues, for the first time on appeal, that a prior felony conviction is an element of his offense and that his indictment was defective because it did not allege a prior felony conviction. As Lara concedes, this argument is foreclosed by United States v. Almendarez-Torres, 523 U.S. 224, 235 (1998). Thus, Lara has not demonstrated error, plain or otherwise, with respect to this issue.

Lara also challenges the district court's application of the 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), arguing that his prior felony DWI conviction is not an aggravated felony. A Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16 and thus is not an aggravated felony for the purpose of a U.S.S.G. § 2L1.2(b)(1)(A) 16-level enhancement. United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001). Therefore, the district court erred in applying the 16-level enhancement. Accordingly, Lara's sentence is VACATED, and this matter is REMANDED for resentencing.